UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOANN AUCLAIR,

    Plaintiff,

v.                                                   Case No. 2:21-cv-18-JLB-MRM

ECOLAB, INC.,

    Defendant.

## **ORDER**

Plaintiff Joann Auclair originally filed this personal injury action in Florida state court. (Doc. 1-1.) Defendant Ecolab Inc. ("Ecolab") removed the matter to federal court based on diversity of citizenship. (Doc. 1.) Ecolab's Notice of Removal alleges that the parties are completely diverse. (Id. at 3–5.) It also relies on Ms. Auclair's "allegations of serious and permanent injury" along with her $450,000 written demand letter in arguing that the amount in controversy here exceeds the jurisdictional requirement of $75,000. (Id. ¶¶ 19–21.) Ms. Auclair moves to remand this matter back to state court. (Doc. 12.) Although she does not dispute that the parties are citizens of different states, (id. at 3), Ms. Auclair maintains that Ecolab has not met its burden in establishing the amount in controversy because the evidence it relies on is unclear and ambiguous (id. at 6). Ecolab, in the alternative, seeks leave to conduct limited jurisdictional discovery (Doc. 17), which Ms. Auclair opposes (Doc. 23).

Based on the record before it, the Court cannot satisfy itself that the amount in controversy here exceeds $75,000. Nor can the Court find that Ecolab's request for limited jurisdictional discovery, at this juncture, is appropriate. For those reasons, the Court **RESERVES** ruling on Ms. Auclair's motion to remand (Doc. 12), **DENIES WITHOUT PREJUDICE** Ecolab's motion for limited jurisdictional discovery (Doc. 17), and will instead require Ecolab to supplement the record.

## LEGAL STANDARD

The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending

28 U.S.C. § 1441(a). "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). Once the case is removed, the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal must prove that federal jurisdiction exists by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). And "[t]he existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008) (citing Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1332 (11th

Cir.1998)). Lastly, the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

**I. Ecolab has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.**

Ecolab removed this action based on diversity jurisdiction. (Doc. 1.) The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As noted, Ms. Auclair does not dispute that her and Ecolab are citizens of different states. (Doc. 12 at 3.) Accordingly, the Court need only determine whether Ecolab has met the amount in controversy requirement.

In Williams, the Eleventh Circuit described the appropriate procedure for determining the amount in controversy on removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

269 F.3d at 1319 (citation omitted). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. Put differently, Ecolab must "provide additional evidence demonstrating that removal is proper." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 772–73 (11th Cir. 2010)).

Here, Ecolab relies on a combination of: (1) "the allegations of serious and permanent injury" in Ms. Auclair's state court pleading (Doc. 1 ¶ 20); (2) "a written demand of $400,000 [sic]" (id. ¶ 19–20; Doc. 14-1, Ex. A)[1]; and (3) a $250,000 Proposal for Settlement ("PFS") Ms. Auclair served upon it under Florida Rule of Civil Procedure 1.442 (Doc. 14 at 10; Doc. 14-1, Ex. C).

### A. The amount in controversy is not facially apparent from the state court complaint's allegations.

To begin, the amount in controversy is neither facially apparent from Ms. Auclair's operative complaint at the time of removal nor from her allegations about her injuries. A review of that pleading shows only that the damages exceed $30,000 and that Ms. Auclair suffered a permanent and ongoing injury to her right wrist and arm. (Doc. 1-5 ¶¶ 2, 5, 10.) For this injury, she seeks: (a) past, present, and future medical expenses; (b) pain and suffering; (c) loss of earning capacity; and (d) all incidental damages. (Id. ¶ 26.)[2]

---

[1] This number appears to be a typographical error as the actual written demand requests $450,000. (Doc. 14-1, Ex. A at 4.)

[2] Ms. Auclair has twice amended her complaint since Ecolab's removal. (Docs. 3, 40.) Because the amount in controversy must be satisfied at the time of removal, the Court focuses on her operative state court complaint. In any event, her Second Amended Complaint largely tracks the allegations of her

- 4 -

While the extent of Ms. Auclair's injury seems significant, the state court complaint's allegations alone are insufficient for this Court to determine that the amount in controversy exceeds $75,000. See Williams, 269 F.3d at 1320 (holding in personal injury action that "it [was] not facially apparent from [] complaint that the amount in controversy exceed[ed] $75,000" where the plaintiff alleged "permanent physical and mental injuries," "incurred substantial medical expenses, suffered lost wages," "experienced a diminished earning capacity," and sought "general damages, special damages, and punitive damages in unspecified amounts").

**B.   The settlement offers lack specific information supporting a reasonable assessment of the value of Ms. Auclair's claim**.

Next, the Court looks to Ms. Auclair's $450,000 written demand and $250,000 PFS.[3]  Such documents, "by [themselves], may not be determinative" of the amount in controversy, but they "count[] for something." Burns, 31 F.3d 1092, 1097 (11th Cir. 1994).  "In determining what that 'something' is, courts draw distinctions between settlement offers steeped in puffery and posturing . . . and those yielding particularized information and a reasonable assessment of value." Montreuil ex rel. v. Costco Wholesale Corp., No. 2:18cv706-MHT, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (citation and internal quotations omitted); see also Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998).  "Settlement offers that provide specific information to support the [plaintiff's] claim for damages

---

state court pleading.  (Compare Doc. 1-5 with Doc. 40.)

[3] The Court may consider settlement offers and demands outside the removal petition (e.g., the PFS) if such evidence concerns facts existing at the time of removal. Williams, 269 F3d at 1320.

suggest the [plaintiff is] offering a reasonable assessment of the value of [his or her claim] and are entitled to more weight." Poltar v. LM Gen. Ins. Co., 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020) (alterations and citation omitted).

To begin, the Court notes that the only definitive value about Ms. Auclair's injuries found in the written demand are medical expenses she incurred as of that date totalling $3,691.81.[4] (Doc. 14-1, Ex. A at 4.) Ecolab, however, represents that the written demand contains medical records, diagnoses, and descriptions of future medical treatment. (Doc. 14 at 8–9.) Relying on published data from the "Cleveland Clinic Surgical Outpatient Pricing Table and Florida Outpatient Surgical Pricing and Visit Volume (2019)," Ecolab argues that the costs of these procedures "alone nearly reach $75,000." (Id. at 9 & n.2.) But the Court can only take Ecolab's word for it. Despite stating that it would file unredacted copies of Ms. Auclair's written demand and accompanying medical records under seal, (Doc. 1 ¶ 19; Doc. 14 at 9 n.2), it does not appear that Ecolab ever filed such a version.

Instead, all the Court can gather from the heavily redacted written demand is that Ms. Auclair sought medical treatment for "numbness, tingling, [and] right wrist laceration pain," underwent physical therapy, and a physician recommended she undergo future surgery. (See Doc. 14-1, Ex. A.) Otherwise, it seems all the information which the Court needs to accurately determine the amount in controversy is redacted from the filing Ecolab submitted. The PFS fares no better

---

[4] Ms. Auclair later updated this amount to $4,550.68—still well below the $75,000 threshold. (Doc. 23 at 1 (referencing Doc. 23-1, Ex. A).)

because it is entirely silent as to the extent, severity, or monetary value of Ms. Auclair's injuries and merely posits a dollar amount ($250,000) for Ecolab to settle her claim. (Doc. 14-3, Ex. C.)[5] In fact, Ms. Auclair first demanded $450,000 but later reduced this amount by $200,000, which supports the inference that the written demand largely constituted puffery and posturing.[6]

At bottom, the Court cannot make a reasonable deduction from Ecolab's proffered evidence largely because it has not filed an unredacted copy of Ms. Auclair's written demand and accompanying medical records. And so, Ecolab has not met its burden in removing this matter.

## II. Ecolab's request for jurisdictional discovery is premature.

Perhaps anticipating this result, Ecolab has alternatively moved for limited jurisdictional discovery "requiring Plaintiff to expressly affirm that the amount-in-

---

[5] Ecolab maintains that Florida Rule of Civil Procedure 1.442, governing a PFS, "forces both parties to carefully consider the value of the case and make a reasonable settlement" offer, and so the PFS for $250,000 here "is authoritative and not puffery, as this offer commands careful considerations and carries the weight of statutory sanctions." (Doc. 14 at 10–11.) But while a PFS may place a defendant on notice for purposes of timely removal under 28 U.S.C. § 1446(b), the cases on which Ecolab relies (id. at 11) do not hold that "a [PFS], without more, is sufficient to carry [a defendant's] burden of establishing by a preponderance of the evidence that the amount-in-controversy is satisfied." Brooks v. Sears, Roebuck and Co., No. 6:18-cv-554-Orl-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018), adopted 2018 WL 3545421 (M.D. Fla. July 24, 2018). "[R]ather, courts consider the circumstances under which they are made, including the specificity of information provided in the offer." Id., 2018 WL 3545421, at *2.

[6] Before Ecolab removed this matter, Ms. Auclair amended her pleading to dismiss another named defendant. (Doc. 1-4, Ex. B; Doc. 1-5, Ex. C.) It may well be that the higher $450,000 figure stemmed from Ms. Auclair negotiating with two defendants, not just Ecolab. But this is precisely the sort of "conjecture, speculation, or star gazing" that the Court may not engage in when determining the amount in controversy. Pretka, 608 F.3d at 754.

controversy exceeds $75,000." (Doc. 17 at 2–3.) Rather than allowing Ecolab to engage in potentially expensive and intrusive jurisdictional discovery, the Court finds it more prudent to analyze the unredacted demand letter first. This course of action maintains the parties' respective burdens on removal. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1218 & n.75 (11th Cir. 2007) (noting that post-removal discovery is improper in diversity cases when such discovery would "lighten[] the defendant's burden of establishing jurisdiction"). Naturally, the unredacted demand letter concerns the facts here as they existed at the time of Ecolab's removal and would most likely moot the need for jurisdictional discovery. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

Accordingly, it is **ORDERED**:

1. The Court **RESERVES** ruling on Ms. Auclair's motion to remand (Doc. 12) and the motion remains under advisement.

2. Ecolab's motion for limited jurisdictional discovery (Doc. 17) is **DENIED WITHOUT PREJUDICE**.

3. **On or before May 5, 2021**, Ecolab is **DIRECTED** to file an unredacted version of Ms. Auclair's written demand (Doc. 14-1, Ex. A) under seal, including all accompanying exhibits and documents.

**ORDERED** at Fort Myers, Florida, on April 28, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE