UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOANN AUCLAIR,

    Plaintiff,

v.                                        Case No: 2:21-cv-18-JLB-MRM

ECOLAB, INC.,

    Defendant.

## ORDER

Defendant Ecolab, Inc. ("Ecolab") removed this personal-injury action from state court based on diversity jurisdiction. (Doc. 1.) In arguing that the amount in controversy exceeded $75,000, Ecolab partially relied on a written presuit demand for $450,000 from Plaintiff Joann Auclair. (Id. ¶¶ 19–21.) But given that Ecolab had not filed an unredacted version of the demand and its accompanying exhibits, the Court reserved ruling on Ms. Auclair's motion to remand. (Docs. 12, 43.)[1] Ecolab has now filed that demand under seal. (Doc. 46.) After careful review, the Court finds that Ecolab has failed to prove that the amount in controversy has been satisfied and **REMANDS** this case to Florida state court.

## DISCUSSION

Ecolab relies on a combination of the following to establish the amount in controversy: (1) the allegations of serious and permanent injury in Ms. Auclair's

---

[1] The Court incorporates by reference its April 28, 2021 order. (Doc. 43.)

state court pleading; (2) a written demand for $450,000 and accompanying medical records; and (3) a $250,000 Proposal for Settlement ("PFS") that Ms. Auclair served upon it under Florida Rule of Civil Procedure 1.442.  (Doc. 43 at 4.)  The Court first held that the amount in controversy was not facially apparent from Ms. Auclair's allegations.  (Id. at 4–5.)  As such, the Court turned to the written demand and PFS.  In particular, the Court looked for specific information that supported Ms. Auclair's $450,000 and $250,000 amounts as reasonable assessments of the amount in controversy.  (Id. at 5–6.)  But because Ecolab had not provided that information, the Court held that Ecolab did not meet its burden of proof and directed it to supplement the record.[2]

The unredacted demand provides a summary of Ms. Auclair's injury, diagnoses, and completed medical treatment.  (Doc. 46.)  It also notes that at least

---

[2] The parties disagree over Ecolab's precise burden of proof on removal.  If removal occurs within thirty days of receiving a summons or initial pleading, then the removing party must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060–61 & n.2 (11th Cir. 2010) (discussing removals under then-28 U.S.C. § 1446(b) (2012)).  But in Lowery v. Alabama Power Co., the Eleventh Circuit held that if a party removes beyond the thirty-day deadline after receiving some "other paper," "that document and the notice of removal [must] unambiguously establish federal jurisdiction."  483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis added); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762–63, 767 (11th Cir. 2010) (constricting Lowery's "unambiguously establish" standard to "other paper" removals, previously known as "second paragraph removals" under then-28 U.S.C. § 1446(b)(3) (2012)).  "[D]istrict courts across the Eleventh Circuit have struggled to apply these standards uniformly."  Heath v. ILG Techs., LLC, No. 1:20-CV-3130-TWT, 2020 WL 6889164, at *3–4 (N.D. Ga. Nov. 24, 2020).  Ultimately, this is a distinction without a difference because no matter how the Court analyzes Ecolab's jurisdictional evidence, it falls short of meeting either burden.

one doctor has recommended surgery and physical therapy in the future. (Id. at 3.) Otherwise, the demand itself is largely silent over the value of Ms. Auclair's claims (i.e., the value of her injuries and expected medical care). The only definitive figures are incurred medical expenses as of the date of the demand, well below $75,000. (Id. at 4.) Ms. Auclair's counsel—in a section titled "Evaluation"—states that "[t]aking into consideration Joann Auclair's pain, suffering, and mental anguish, we will settle all claims today for $450,000." (Id.)

As it turns out, the Court's hunch that the "written demand largely constituted puffery and posturing" was correct. (Doc. 43 at 7.) Ms. Auclair's pre-removal state-court complaint sought damages for pain and suffering, past and future medical expenses, and loss of earning capacity. (See Doc. 1-5 at 3.) Nothing in the unredacted letter and accompanying medical records supports Ms. Auclair's contention that $450,000 is a reasonable assessment of these damages. Apparently, Ms. Auclair reached the same conclusion as she later reduced her demand to $250,000 in her PFS.

Yet, based on the information Ecolab now provides, even $250,000 does not reveal a supportable amount in controversy. Its own assessment of the cost of the medical procedures listed in the demand falls well short of that figure. (See Doc. 14 at 9 n.2.) Rather, Ecolab relies on "CMS data compiled by the Cleveland Clinic Surgical Outpatient Pricing Table and Florida Outpatient Surgical Pricing and Visit Volume (2019)" in arguing that Ms. Auclair's anticipated care will cost approximately $66,440 "exclusive of facility/anesthesia fees, and treatment already

billed."  (Id.)³  But a review of the actual medical records shows a relatively conservative treatment plan with at least one proposed surgery that is anything but certain: "We discussed possible surgery in the future pending symptoms . . . . At this time we will hold off on this surgery."  (Doc. 46-1 at 66–67); see also Otto v. Target Corp., No. 8:16-cv-1766-T-33MAP, 2016 U.S. Dist. LEXIS 131028, at *3 (M.D. Fla. Sep. 26, 2016) ("Whether Mrs. Otto will require the additional surgery is uncertain, and no estimate for the cost of that surgery is provided.  Furthermore, it is uncertain how long Mrs. Otto will continue physical therapy, making it difficult to speculate her future medical expenses.").

The Court is thus left with: (1) a written demand for $450,000; (2) a PFS demand later reduced to $250,000; (3) purportedly valuing allegations of severe and permanent injuries; (4) contrasted by medical records speculating on treatment that may or may not be forthcoming; and (5) reflecting a dollar amount found only in the removing party's response in opposition to Ms. Auclair's motion to remand.  The Court simply cannot make a reasonable deduction from the evidence Ecolab proffers that the amount in controversy here exceeds $75,000 without engaging in impermissible "conjecture, speculation, or star gazing."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010); Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

---

³ Ecolab has neither moved for the Court to take judicial notice of any sources on which it relies for arriving at this figure nor has it provided the Court copies of those sources.

At bottom, federal courts are courts of limited jurisdiction and significant federalism concerns are raised whenever a case is removed from state to federal court, which is a good reason why the removal statutes are strictly construed. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Indeed, "[a] presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Id. As such, the Court once again notes that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Applying these principles to the foregoing facts, the Court finds that Ecolab has failed to meet its burden on removal. At the very least, a significant uncertainty still surrounds the amount in controversy, and the Court must resolve that uncertainty in Ms. Auclair's favor.[4]

---

[4] And the Court will not allow Ecolab to engage in jurisdictional discovery to rectify this shortcoming. See Lowery, 483 F.3d at 1217 ("Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction . . .").

Accordingly, it is **ORDERED**:

1. The Court's April 28, 2021 order (Doc. 43) is incorporated by reference and made a part of this Order for all purposes.

2. Ms. Auclair's motion to remand (Doc. 12) is **GRANTED**.

3. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, terminate any pending deadlines and motions, and close the file.

**ORDERED** at Fort Myers, Florida, on May 21, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE